# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LENNIS REYNOLDS, | DOCKET NUMBER |
| Appellant, | CH-0841-15-0514-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: January 20, 2016 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Lennis Reynolds, Racine, Wisconsin, pro se.

Kristine Prentice, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a June 22, 2010 reconsideration decision issued by the Office of Personnel Management (OPM) denying his request for an annuity supplement under Federal Employees' Retirement System (FERS). Generally, we

---

[*]   A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On June 22, 2010, OPM issued a final decision finding that the appellant was not entitled to an annuity supplement under FERS. Initial Appeal File (IAF), Tab 7 at 31. The appellant filed an appeal with the Board on July 7, 2010, and the administrative judge issued an initial decision on November 5, 2010, affirming OPM's decision. *Id*. at 6; *see Reynolds v. Office of Personnel Management*, No. CH-0841-10-0788-I-1, Initial Decision (Nov. 5, 2010). After the Board issued a final order on May 17, 2011, which denied the appellant's petition for review of the initial decision, he exercised his right to request that the U.S. Court of Appeals for the Federal Circuit review the Board's decision. IAF, Tab 7 at 10-14. The court dismissed the appellant's petition for review on August 25, 2011, for failure to prosecute. *Id*. at 10.

¶3    On June 10, 2015, the appellant filed a new appeal with the Board seeking to again challenge OPM's June 22, 2010 final decision. IAF, Tab 1. The appellant argued that he has "new evidence," which merely consists of his disagreement with OPM's decision and his argument that he is entitled to an

annuity supplement pursuant to 5 U.S.C. § 8421.  *Id*. at 5-6, 9.  The administrative judge ordered the appellant to file evidence and argument showing good cause why his appeal should not be dismissed because it appeared that the matter he raised on appeal was previously adjudicated, and therefore barred by the doctrine of res judicata.  IAF, Tab 3.

¶4        OPM responded to the order by arguing that "the issue on appeal had already been litigated, [and that] further litigation is precluded by the principles of res judicata."  IAF, Tab 7 at 4.  OPM also submitted documentation proving that the appellant had already sought review of OPM's June 22, 2010 final decision to the Board and the court without success.  *Id*. at 10-35.  The appellant offered no argument in opposition to dismissing his appeal as barred by res judicata, although he argued that he filed a timely appeal after he obtained new evidence.  IAF, Tab 5 at 3.

¶5        The administrative judge issued an initial decision dismissing the appeal as barred by the doctrine of res judicata, finding that the appellant received a prior decision on the merits of OPM's reconsideration decision by a forum of competent jurisdiction.  IAF, Tab 8, Initial Decision (ID) at 3.  The appellant filed a petition for review arguing the merits of his appeal, and OPM responded in opposition to his petition.  Petition for Review (PFR) File, Tabs 1, 4.

¶6        Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  On review, the appellant merely argues the merits of his appeal without disputing the administrative judge's finding that his appeal is barred by the doctrine of res judicata.  PFR File, Tab 1 at 4-5; ID at 3.  We find no reason to disturb the administrative judge's finding that res judicata applies to bar this appeal because it is undisputed that:  (1) the appellant could have raised the same arguments in his last appeal of OPM's June 22, 2010 final decision; (2) he received a prior judgment on the merits of OPM's final decision by a forum with

competent jurisdiction; and (3) the record reflects that his appeals involved the same cause of action and the same parties or their privies.  ID at 2; *see* IAF, Tabs 7-8; *Peartree*, 66 M.S.P.R. at 337.  We therefore deny the petition for review of the initial decision that dismissed this appeal as barred by the doctrine of res judicata.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.